John **KERSTETTER**

v.

**OHIO CASUALTY INSURANCE CO.**

Civ. A. No. 80–1372.

United States District Court,
E. D. Pennsylvania.

Sept. 30, 1980.

Richard C. Senker, Sosnov & Sosnov, Norristown, Pa., for plaintiff.

David R. Strawbridge, Cozen, Beiger & O'Connor, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, John Kerstetter, has filed a motion to remand this action back to the state court. The defendant, Ohio Casualty Insurance Company, removed this action to this court from the Court of Common Pleas of Philadelphia County, Pennsylvania pursuant to 28 U.S.C.A. § 1441.[1] For the reasons hereinafter set forth, the plaintiff's motion to remand will be granted.

The complaint was filed by the plaintiff in the state court on March 17, 1980. The complaint seeks damages for emotional distress suffered by the plaintiff as a result of the defendant's allegedly outrageous conduct in failing to reimburse the plaintiff under a contract of property insurance for property losses allegedly sustained by the plaintiff as a result of a fire. The complaint also alleges that the defendant made intentional misrepresentations to the plaintiff when the defendant induced the plaintiff to purchase the insurance policy. The defendant filed a petition for removal on April 8, 1980,[2] and the plaintiff filed a motion to remand on May 19, 1980. Alternatively, the plaintiff moved to disqualify defense counsel. In light of our disposition of the motion to remand, we need not address the plaintiff's motion to disqualify counsel for the defendant.

The burden is on the defendant to prove that removal is proper. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660 (7th Cir. 1976); *Shelly v. Commonwealth of Pennsylvania*, 451 F.Supp. 899 (M.D.Pa. 1978). The defendant claims that removal of this action to this court is proper under 28 U.S.C.A. § 1441 because the parties are of diverse citizenship. The plaintiff, however, claims that there are no allegations in

1. 28 U.S.C.A. § 1441 provides in pertinent part:

    (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

    (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2. The defendant has complied with the requirements of 28 U.S.C.A. § 1446(b), which provides:

    The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . .

the complaint or the defendant's petition for removal which plead diversity of citizenship at the time of the filing of the complaint. Paragraphs One (1) and Two (2) of the complaint in this action state:

1. Plaintiff, John Kerstetter, is an adult individual residing at 726 North Lewis Road, Limerick, Montgomery County, Pennsylvania 19468.

2. Defendant Ohio Casualty Insurance Co., is an Ohio stock insurance company registered to do business in Pennsylvania with its principal office located at 136 North Third Street, Hamilton, Ohio 45025.

Paragraphs Five (5), Six (6), and Seven (7) of the defendant's removal petition state:

5. Plaintiff is an individual residing in Montgomery County, Pennsylvania.

6. Defendant is a corporation duly organized and existing under and pursuant to the laws of the State of Ohio with a principal place of business at 136 North Third Street, Hamilton, Ohio.

7. This action brought by plaintiff is one over which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, in that it is a Civil Action wherein the matter in controversy, as alleged in plaintiff's Complaint, exceeds the sum or value of Ten Thousand Dollars ($10,000.00), exclusive of interest and cost, and said action is between citizens of different states.

■ When a defendant seeks to remove an action to federal court on the basis that the parties are of diverse citizenship, diversity of citizenship must be shown to have existed at the time of commencement of the action in state court and at the time of the filing of the petition for removal. *Unanue v. Caribbean Canneries, Inc.*, 323 F.Supp. 63 (D.Del.1971); *Garza v. Midland National Insurance Co.*, 256 F.Supp. 12 (S.D.Fla.1966); *Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212 F.Supp. 370 (E.D.Pa. 1962); 1A *Moore's Federal Practice* ¶0.161[1], at 207 (2d ed. 1979). In this action, neither of these criteria has been satisfied.

■ Although there are cases which allow the defendant to meet this requirement by allegations in the removal petition where the complaint fails to plead diversity,[3] neither the complaint nor the petition for removal properly pleads diversity in this action. Both the complaint and the petition for removal allege that the plaintiff is residing in Pennsylvania, but do not allege the citizenship of the plaintiff. These allegations of residence are not sufficient because, for the purpose of establishing diversity, residence is not synonymous with citizenship. *Whitelock v. Leatherman*, 460 F.2d 507 (10th Cir. 1972); *Luehrs v. Utah Home Fire Insurance Co.*, 450 F.2d 452 (9th Cir. 1971); *Freedman v. Zurich Insurance Co.*, 264 F.Supp. 550 (W.D.Pa.1967).

■ Furthermore, the complaint alleges that the defendant's principal office is in Hamilton, Ohio. Under 28 U.S.C.A. § 1332(c), an allegation of a corporation's principal place of business is necessary, and a principal office is not synonymous with a principal place of business. *Uniroyal, Inc. v. Heller*, 65 F.R.D. 83 (S.D.N.Y.1974); *Gavin v. Read Corp.*, 356 F.Supp. 483 (E.D. Pa.1973); *Carlton, supra; Washington–East Washington Joint Authority v. Roberts and Schaefer Co.*, 180 F.Supp. 15 (W.D. Pa.1960). The principal place of business of the defendant is not alleged in the complaint. Moreover, the allegations in the petition for removal are in the present

---

**3.** *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961); *Wright v. Continental Casualty Co.*, 456 F.Supp. 1075 (M.D.Fla.1978); *Fay v. American Cystoscope Makers, Inc.*, 98 F.Supp. 278 (S.D.N.Y.1951); 1A *Moore's, supra.* Our Third Circuit, however, in *LaChemise LaCoste v. Alligator Co., Inc.*, 506 F.2d 339 (3d Cir. 1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975), had this to say about *Fay, supra*:

Assuming the propriety of the status exceptions recognized in *Fay, supra*, none is applicable to the instant case.

506 F.2d at 339. As pointed out above, none of these exceptions is applicable in this action since neither the complaint nor the petition for removal properly pleads diversity.

tense and do not properly allege the existence of diversity at the time the complaint was filed in state court. *Garza v. Midland National Insurance Co.*, 256 F.Supp. 12 (S.D.Fla.1966); *Matteson v. Bressette*, 250 F.Supp. 646 (W.D.Mo.1966).

 The defendant has not carried its burden of proving that removal is proper. Accordingly, an order will be entered granting the plaintiff's motion to remand and remanding the action back to the state court.