Tom James ROBERTS

v.

**VULCAN MATERIALS COMPANY and International Harvester.**

Civ. A. No. 81–219–A.

United States District Court,
M.D. Louisiana,
Division A.

March 2, 1983.

Sumpter B. Davis, III, Baton Rouge, La., for plaintiff.

H. Frank Foster, III, New Orleans, La., for defendant, Vulcan.

Dermot S. McGlinchey, New Orleans, La., for defendant, Intern. Harvester.

Stephen Wilson, Baton Rouge, La., for intervenor, C & A Ins. Co.

Vincent Fornias, Baton Rouge, La., for third party defendant, Brown & Ferris.

JOHN V. PARKER, Chief Judge.

On March 20, 1981, this action was removed from the state court by International Harvester, one of the defendants, upon the basis of diversity of citizenship, 28 U.S.C. § 1441(a); 28 U.S.C. § 1332(a). The court sua sponte noted that the citizenship of the other defendant, Vulcan Materials Company, was not alleged in either the original state court petition or in the petition for removal; accordingly, the court ordered Vulcan Materials to file an affidavit establishing its citizenship and further ordered that all parties address the question of the court's jurisdiction. Briefs and position papers have been filed. The court finds that no oral argument is required.

The affidavit filed by defendant, Vulcan Materials Company, establishes that there is, indeed, diversity of citizenship between it and the plaintiff, Tom James Roberts. The other pleadings establish that there is diversity of citizenship between the plaintiff and defendant, International Harvester Company. Consequently, this action could have originally been brought in federal court and was properly removable under § 1441(a). The procedural defect involved is that all defendants did not join in the petition for removal as required by § 1446(a). A failure of all defendants to join in the petition for removal constitutes, not a jurisdictional defect (assuming that the court otherwise has jurisdiction), but merely a technical or procedural irregulari-

ty which may be waived by going to trial on the merits or other conduct on the part of the plaintiff indicating acquiescence. *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325 (5th Cir.1970); see generally 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3721, p. 543.

Here the record demonstrates that following removal on March 21, 1981, plaintiff has participated in discovery in this court and has never made any objection to the matter proceeding in this court. A period of nearly two years has elapsed since the removal and no parties have objected to proceedings in this court, although Vulcan Materials, in response to the court's order has filed a brief indicating that the matter should be remanded. Either active participation by invoking the process of the court or delay by the plaintiff in objecting can constitute acquiescence and waiver of the procedural defects in a removal petition. *Monaco v. Carey Canadian Mines, Ltd.,* 514 F.Supp. 357 (E.D.Pa.1981); *Intercoastal Refining Co., Inc. v. Jalil,* 487 F.Supp. 606 (S.D.Tex.1980).

The record in this matter indicates that the plaintiff has done both and although the court has the authority to order remand sua sponte, *Howard v. George,* 395 F.Supp. 1079 (D.C.Ohio 1975); it appears that plaintiff has waived his choice of forum and the matter will not be remanded to the state court.