**Mario ESTEVEZ–GONZALEZ, and
Nubia Gonzalez, his wife,
Plaintiffs,**

**v.**

**KRAFT, INC., and the Grand Union
Company, Defendants.**

**No. 84–2821–Civ–KING.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 3, 1985.

Neil G. Taylor, Miami, Fla., for plaintiffs.

Dale F. Webner, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neil, P.A., Miami, Fla., for defendants.

## ORDER REMANDING CAUSE

JAMES LAWRENCE KING, Chief Judge.

This cause arises before the Court upon the petition of the defendant, KRAFT, INC., to remove the action instituted by the plaintiffs, MARIO ESTEVEZ-GONZALEZ, and NUBIA GONZALEZ, in the Eleventh Judicial Circuit Court, Dade County, Florida, Case No. 84–39354, and upon the plaintiffs' motion for remand.

Plaintiffs have objected to defendant's proposed removal upon two grounds.

### 1. *Waiver of Removal Right*

First, plaintiffs allege that the Defendant, KRAFT, INC., has lost its right to remove because of substantial defensive action taken in state court. Although it is true, as the plaintiffs assert, that a waiver by one defendant will bind a second defendant, neither the actions of KRAFT, INC. nor the actions of GRAND UNION COMPANY constitute a waiver. As the Court in *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732 (E.D.Ky.1981) held, a waiver of the right to remove is possible only where the defendant's intent to waive is clear and unequivocal. The only actions taken in state court by the defendants in this case were the filing of a motion for extension of time, service upon the plaintiffs of interrogatories, and the filing of an answer. A motion for extension of time and the taking of discovery clearly do not evidence an unequivocal intent to waive removal and as such have been held not to result in the waiver of the right to remove. See *Malave v. Sun Life Assurance Company of Canada*, 392 F.Supp. 51 (D.Puerto Rico 1975) and *Fuga v. Gulf Colorado and Santa Fe Railway Company*, 206 F.Supp. 814 (D.Okl.1962). Similarly, the filing of an answer in state court has been held not to constitute a waiver of the right to remove. See *Haun v. Retail Credit Company*, 420 F.Supp. 859 (W.D.Pa.1976) and *Kiddie Rides U.S.A., Inc. v. Elektro-Mobiltechnik GMBH*, 579 F.Supp. 1476 (C.D.Ill.1984).

The Plaintiffs rely on *Texas Wool and Mohair Marketing Association v. Standard Accident Insurance Co.*, 175 F.2d

835 (5th Cir.1949) for the proposition that the filing of an answer constitutes a waiver. A more careful reading of this case however, indicates that the answer at issue contained a cross-claim. While the filing of a permissive pleading seeking affirmitive relief, such as a cross-claim or permissive counterclaim, has been held to result in a waiver, the mere filing of a responsive pleading is generally held not to constitute a waiver. See *Bedell v. H.R.C. Ltd.*, supra; *Sood v. Advanced Computer Techniques Corp.*, 308 F.Supp. 239 (E.D.Va.1969); and *Briggs v. Miami Window Corp.*, 158 F.Supp. 229 (M.D.Ga.1956). Accordingly, the Court finds that the defendants in the case at bar have not waived their right to remove.

### 2. *Establishment of Diversity Jurisdiction*

Second, plaintiffs assert that the defendant's petition for removal fails to demonstrate the elements of diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction will exist if both defendants are of different citizenship from both plaintiffs, and if the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs.

A petition for removal in a diversity case involving a corporate defendant must allege the corporation's state of incorporation and its principal place of business because, a corporation is deemed to be a citizen of both states. The petition must disclose diversity between all defendants and all plaintiffs and must allege that such diversity was present at the outset of the suit as well as at the time of the removal petition. In the instant case, allegations of diverse citizenship have properly been made in the defendant's motion for removal. These allegations are not in conflict with what is stated in the plaintiffs' complaint, they have not been challenged in the plaintiffs' motion for remand, and they do not appear to be misrepresented. Thus, the citizenship of the defendants provides no basis for remand.

The Court is also unpersuaded by plaintiffs' argument that the defendant's allegation of the required $10,000 jurisdictional amount is unsupported and thus provides a basis for remand. As a general rule, the amount stated in the complaint will determine the amount in controversy. However, where the complaint contains no specification of damages, as does the plaintiffs' complaint in this action, the court will consider the allegations in the petition for removal. As in many personal injury actions filed in state court, the plaintiffs' complaint alleges merely that damages have been incurred in excess of $5,000 which is the amount necessary for state circuit court jurisdiction. This Court has previously held in *Baker v. Firestone Tire & Rubber Company*, 537 F.Supp. 244 (S.D. Fla.1982) that if a reasonable reading of the complaint discloses that the sum in controversy does in fact exceed $10,000 the jurisdictional amount will be found to exist. The complaint in *Baker* merely alleged that the amount in controversy was in excess of $5,000. The Court found, however, that the plaintiffs' allegations of permanent and serious injuries, pain, disfigurement, disability, loss of wages, loss of earning capacity, loss of capacity for the enjoyment of life and great expenses for future medical treatment, were sufficient to establish the jurisdictional amount. Likewise, in the case at hand, a reasonable reading of the plaintiffs' complaint discloses that the amount in controversy does in fact exceed $10,000. The complaint alleges physical and mental pain, physical handicap, impairment of working ability, injuries permanent or continuing in nature, and medical expenses.

Although the issues raised in the plaintiffs' motion do not provide proper grounds for remand, the defendant's removal petition presents an additional defect which compels this Court to remand this action to state circuit court. 28 U.S.C. § 1446(a), which governs the procedure for removal has been interpreted to require each and every defendant who can meet the jurisdictional requirements of 28 U.S.C. § 1441 to join in a petition for removal in order for the petition to be valid. See *Woods v. Firestone Tire & Rubber Company*, 560 F.Supp. 588 (S.D.Fla.1983). In addition, 28 U.S.C. 1446(b) provides that all

defendants have thirty days after receipt of service within which to petition for removal. This thirty day limitation also applies to a defendant who is required to join a petition for removal. The record presented to this court does not indicate the exact date of service upon the defendant, GRAND UNION COMPANY. However, an examination of discovery documents dated Nov. 16, 1984, filed by the defendant in state court, shows that that the thirty day period in regard to GRAND UNION COMPANY has expired. The defendant, GRAND UNION COMPANY, which the pleadings show meets the jurisdictional requirements, has failed to either file a removal petition of its own, or to join in or consent to the petition filed by the defendant, KRAFT, INC. Therefore, pursuant to 28 U.S.C. § 1447, the Court does:

ORDER and ADJUDGE that the plaintiffs' petition for remand be, and it is, GRANTED with instructions to the Clerk of the Court to forward all original pleadings to the Clerk of Court for the Eleventh Judicial Circuit, in and for Dade County, Florida.

DONE and ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida this 2nd day of January, 1985.