**SANTA ROSA MEDICAL CENTER, INC., et al., Plaintiffs,**

v.

**CONVERSE OF PUERTO RICO, INC., United Steelworkers of America, AFL–CIO–CLC; and USWA Local 6699, Defendants.**

Civ. No. 88–840 HL.

United States District Court, D. Puerto Rico.

Dec. 1, 1988.

John Ward Llambias, Loiza Station, Santurce, P.R., for plaintiffs.

Nicolás Delgado Figueroa, Santurce, P.R., James E. Smith, Cooper, Mitch, Crawford, Kuykendall and Whatley, Birmingham, Ala., pro hac vice, for defendants.

Carl Schuster, McConnell Valdes Kelley Sifre, etc., San Juan, P.R., for Converse de P.R.

## OPINION AND ORDER

LAFFITTE, District Judge.

Whether this case must be remanded to the Superior Court of Puerto Rico, Carolina Part is the matter before the Court. On July 29, 1987, plaintiff Santa Rosa Medical Center ("Santa Rosa"), filed a complaint in the local court against Converse of Puerto Rico ("Converse"), alleging that its contract with Converse to provide medical services to Converse employees had been breached. It amended the complaint on January 21, 1988, adding two defendants, United Steelworkers of America, AFL–CIO–CLC, and its local chapter, U.S.W.A. Local 6699 (together "the Union").

The Union filed a petition for removal to this Court, arguing that we have subject matter jurisdiction under Section 301 of the Labor Management Relations Act of 1947 ("Section 301"), and that therefore the case is removable to a federal district court pursuant to 28 U.S.C. sec. 1441. Converse, the original defendant, responded with a motion to dismiss the Union's removal petition. The infighting among the defendants has continued with the Union's opposition to the motion to dismiss, Converse's reply, and finally, the Union's response to the reply. Essentially, the Union wants this Court to hear the case and so argues that

Santa Rosa's claim arises under federal law; Converse wants the case to be heard in the local court, and so argues that Santa Rosa's claim does not present a federal question.[1] Converse also points out that it, a codefendant, has not joined in the Union's petition for removal.

The substantive issue before us is whether Section 301, which provides federal jurisdiction over claims of violations of collective bargaining agreements, governs Santa Rosa's claims. Jurisdiction under Section 301 has been interpreted to encompass state-law claims founded directly on rights created by the collective bargaining agreement, *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962) and *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), as well as claims "substantially dependent on analysis of a collective bargaining agreement." *Electrical Workers v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161, 2166–67 n. 3, 95 L.Ed. 2d 791 (1987). *See also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987); *Allis–Chalmers v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985) (claims "inextricably intertwined with consideration of the terms of the labor contract" are preempted by Section 301).

No matter which direction we may have decided to travel on this substantive issue, however, Converse's adamant refusal to consent to the Union's petition for removal would emerge as a roadblock. Even if plaintiff's breach of contract claims *are* preempted by Section 301, and therefore can only be claims arising under federal law,[2] the only necessary conclusion is that

---

1. In the local action, before the Union had been joined as a defendant, Converse filed a motion to dismiss Santa Rosa's complaint, arguing that the Superior Court of Puerto Rico lacked subject matter jurisdiction because federal law preempted Santa Rosa's claim. It now cites Santa Rosa's opposition to that motion to argue that Santa Rosa's claim is essentially "non-federal." Converse Reply Brief at 7. Converse's chameleonic position on this issue is an example of an unfortunately well-accepted tenet of legal

argumentation: that the desired end justifies the means employed, no matter how inconsistent.

2. In suits governed by Section 301 of the Labor Management Relations Act, the substantive law to be applied is federal law "which the courts must fashion from the policy of our national labor laws. Federal interpretation of the federal law will govern, not state law ... Any state law applied, however, will be absorbed as federal law and will not be an independent source of private rights." *Textile Workers, Inc. v. Lincoln*

*federal labor law* controls the resolution of those claims; it is *not* required that a *federal court*, rather than a local one, apply that law. Section 301 grants subject matter jurisdiction to the federal district courts, but that jurisdiction is not exclusive. "[S]tate courts have concurrent jurisdiction over Section 301 claims. *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). State as well as federal courts must apply federal law in deciding these claims. See *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 102, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962)." *Lingle v. Norge Div. of Magic Chef, Inc.*, —— U.S. ——, 108 S.Ct. 1877, 1880 n. 2, 100 L.Ed.2d 410 (1988).

So then, even if we were to decide that this Court has subject matter jurisdiction under Section 301, it does not follow that this Court must hear the case instead of the local court. Plaintiff here *filed* in the local court; to override plaintiff's choice of forum it is up to defendant, or, in this case, the three defendants, to establish that removal is proper. *Diaz v. Swiss Chalet*, 525 F.Supp. 247 (D.P.R.1981); *Kerstetter v. Ohio Cas. Ins. Co.*, 496 F.Supp. 1305 (D.C. Pa.1980). One part of that burden is, as elaborated on above, to establish that the federal court has subject matter jurisdiction. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3rd Cir.1985).

■ Another part of defendants' burden on removal, equally important, is to show that all defendants who have been properly joined and served have consented to the removal.[3] "Before the plaintiff's choice of the state forum can be avoided, unanimity among all parties substantively entitled to remove is required." IA Moore's Federal Practice, Para. 0.168[3.–2–2] at 548–49 (1987). In the instant case, we need reach only this threshold issue, and not the substantive issue discussed above, because we find that the Union's failure to get Con-

verse's consent to the removal compels remand to the local court.

The Union cites both 28 U.S.C. sec. 1441(a) and 1441(c) as authority for removing the case to this Court. We will first discuss removal under section 1441(a). Courts have consistently construed 28 U.S. C. section 1446(a), which sets forth the removal procedure, as requiring all defendants to either join in or consent to a petition for removal under section 1441(a). "In a case with more than one defendant, the consent of all the defendants is necessary for removal under section 1441(a) but not for removal under 1441(c)." *Thomas v. Shelton*, 740 F.2d 478, 483 (7th Cir.1984). *See also, Gableman v. Peoria, Decatur & Evansville Railway Co.*, 179 U.S. 335, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900); *Chicago, Rock Island and Pacific Railway Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Tri–Cities Newspapers, Inc. v. Tri–Cities P.P. & A. Local 394*, 427 F.2d 325, 326–27 (5th Cir. 1970); *Adams v. Aero Services Intern., Inc.*, 657 F.Supp. 519, 521 (E.D.Va.1987); *Courtney v. Benedetto*, 627 F.Supp. 523, 525 (M.D.La.1986).

The reasons for requiring all defendants to consent to removal are put forth in *Hess v. Great Atlantic & Pac. Tea Co., Inc.*, 520 F.Supp. 373, 375 (N.D.Ill.1981). The court there suggested that, if one defendant could remove the claim against it, leaving the other claims against the other defendants in state court, there would be a risk of inconsistent adjudications in state and federal courts. If, however, only one defendant could, at its option, remove the entire case, then that one defendant would be imposing its choice of forum not only on an unwilling plaintiff, but on the other unwilling defendants. The way to avoid both of these problems is to require all

---

*Mills*, 77 S.Ct. at 918. The rationale behind this expression of federalism in the field of labor relations law is to avoid conflicting federal and state interpretation of contract terms that may have a disruptive effect upon collective bargaining negotiations and contract administration. We, of course, are not implying that Section 301

governs this case. The Carolina Superior Court will have to decide this issue.

3. Of course, if federal jurisdiction were exclusive, the consent of all defendants would not be required to remove.

defendants to consent before a case is removed from the local court. A third reason suggested is that because state courts are considered as competent as federal courts to hear federal questions not in areas of exclusive federal jurisdiction, a defendant's desire to remove to federal court which is not shared by other defendants should not be considered imperative.

The failure of a defendant to join in a petition for removal has been found fatal to such removal. *Hess v. Great Atlantic & Pac. Tea Co., Inc.*, 520 F.Supp. 373; *Courtney v. Benedetto*, 627 F.Supp. 523; *Adams v. Aero Services Intern., Inc.*, 657 F.Supp. 519; *Means v. G & C Towing, Inc.*, 623 F.Supp. 1244 (D.C.W.Va.1986); *Estevez–Gonzalez v. Kraft, Inc.*, 606 F.Supp. 127 (S.D.Fla.1985).

█ The Union has failed to either join or obtain the consent of codefendant Converse in its petition to remove. In lawyerly fashion, the Union glosses over this failure and contends that Converse waived this "procedural defect" by not arguing its own lack of consent until its reply, instead of including this argument in its initial pleading, the motion to dismiss. But Union *has* the burden to prove that removal is warranted, and it failed to meet that burden when it did not secure Converse's consent. "The petitioning defendant bears the burden of establishing compliance with the requirements of the removal statute, including the requirement of the joinder or timely consent of all defendants." *Adams v. Aero Services Intern., Inc.*, 657 F.Supp. at 521. *See also Diaz v. Swiss Chalet*, 525 F.Supp. at 249–50 (case remanded because defendants failed to file petition within 30 days after service of complaint in local court); *Kerstetter v. Ohio Cas. Ins. Co.*, 496 F.Supp. at 1307–08 (case remanded because defendant's allegations of diversity of citizenship insufficient). "Where any of the defendants fails either to join in the petition or to file one of his or her own, the petition which has been filed will be insuffi-

cient on its face to perfect removal, unless it states a valid reason for such failure." 29 Fed.Proc., L.Ed. sect. 69:69 at 559 (1984).[4] The fatal flaw, then, is not Converse's failure to argue its nonconsent until its reply, but the Union's failure to secure the joining or consent of Converse within the statutory period of 30 days after service of the complaint in local court. 28 U.S.C. sec. 1446(b). *See also Adams v. Aero Services Intern., Inc.*, 657 F.Supp. at 521 (statutory time limitation to join or obtain consent of all defendants is mandatory and must be strictly complied with by petitioning defendant).

We are unable to excuse the Union's failure to meet its burden on the ground that Converse has somehow waived its right to object to the defect. *See Mayers v. Connell*, 651 F.Supp. 273, 275 (M.D.La. 1986) (listing factors to consider in determining waiver, all of which suggest Converse has not waived its right to object). A defendant's petition for removal has been construed as consent to another defendant's petition, *Bernstein v. Lind–Waldock & Co.*, 738 F.2d 179, 183 (7th Cir. 1984); similarly, we construe Converse's motion to dismiss, even though initially arguing only a lack of subject matter jurisdiction, as evidence in itself of Converse's non-consent to the removal. Moreover, Converse argues its lack of consent in its reply, which still is part of the single motion to dismiss.

None of the cases cited by the Union in which a court has found a waiver of objections to defects in a removal petition persuades us otherwise. *See Harris v. Edward Hyman Co.*, 664 F.2d 943 (5th Cir. 1981) (plaintiff participated in discovery in the federal court before objecting); *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1 (1st Cir.1983) (defendant moved to remand five years after the case had been removed); *Roberts v. Vulcan Materials Co.*, 558 F.Supp. 108

---

4. In its petition, the Union states that Converse's consent is not required under section 1441(c). The Union is correct insofar as consent of all defendants is not required under 1441(c), but section 1441(c) is inapplicable to the facts in this case, see discussion *infra.* Converse's consent *is* required for removal under section 1441(a). In the Union's Response, it argues that Converse has waived its right to consent under this section.

(M.D.La.1983 (plaintiff waived the failure to join all defendants when participated in discovery and never objected); *Albonetti v. GAF Corp. Chemical Group,* 520 F.Supp. 825 (S.D.Tex.1981) (failure to timely join or consent to removal petition is a nonjurisdictional defect, but is *not* waivable [as the Union argues in its parenthetical to this cited case]; rather it is mandatory and must be strictly complied with); *Ayers v. Watson,* 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093 (1885) (court refused to remand for late filing of petition because defendant had failed to move for remand until case was on appeal to Supreme Court, and because defendant had been the removing party); *Monaco v. Carey Canadian Mines, Ltd.,* 514 F.Supp. 357 (E.D.Penn.1981) (plaintiff deemed to waive defendant's nonconsent when had not objected to removal for eight months and had used federal court to notice and take depositions). Converse filed its objection to the removal *less than one month* after the Union filed its petition to remove, and has not asked this Court for any affirmative relief. Moreover, most of the cases the Union cites involve a *plaintiff* who has been deemed to have waived the defect. Converse, a codefendant, is objecting to the Union's failure to meet a requirement—that all defendants agree to a removal—that is more particularly a *defendant's* right. Most pointedly, the Union's failure to obtain Converse's consent is not simply a procedural omission that could be cured; Converse has unquestionably refused to join or consent to the petition for removal.

We are also unmoved by the Union's insistence that Converse waived its objection by first filing a "motion to dismiss," then, in its reply, calling its pleading a "request for remand," in order to avoid Fed.R.Civ.P. 12(g)'s admonition to include all defenses and objections in a single motion. Again, Converse's motion to dismiss and reply can be considered a single motion. Second, we are free to construe Converse's motion to dismiss as a motion to remand. *Adams v. Aero Services Intern., Inc.,* 657 F.Supp. at 520; 29 Fed.Proc., L.Ed. sect. 69:112 at 588.

Finally, the issue of a waiver by Converse shrivels in the light of this Court's power to remand a case on its own motion. The court in *Means v. G & C Towing, Inc.,* 623 F.Supp. at 1245, discussed this very issue:

The Court is not troubled by its sua sponte discovery of this defect [that two defendants had not joined in the removal petition]. Other courts have held that a federal court may remand a case on its own motion [citations omitted]. Those particular cases, moreover, involve situations where the plaintiff had not even moved to remand. Here, the Plaintiff has made such a motion. The procedural defect was simply not argued. In this vein, it would seem absurd to hold that the Plaintiff has waived her objection to the defect. She has strenuously pressed her argument that the case should be returned to state court. That a favorable point was overlooked should be of no moment.

*See also Estevez–Gonzalez v. Kraft, Inc.,* 606 F.Supp. at 129–30; 29 Fed.Proc., L.Ed. sect. 69:112 at 587.

Section 1447(c) of Title 28 of the United States Code has been recently amended to provide, in pertinent part, "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." The Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4670 (1988). A failure to join or secure the consent of all defendants is considered to be a defect in the removal procedure. *See, e.g., Courtney v. Benedetto,* 627 F.Supp. at 527; *Albonetti v. Gaf Corporation,* 520 F.Supp. at 827–28; *Adams v. Aero Services Intern., Inc.,* 657 F.Supp. at 521. *See also* 29 Fed.Proc., L.Ed. sect. 69:119 (remand warranted when not all defendants served in state proceedings join in the petition for removal). United removed this action on May 11, 1988; Converse's motion for remand was filed on June 8, 1988, within the statutory period of 30 days.

The Union has argued that, if we find this case to have been improvidently

removed under Section 1441(a) because Converse did not consent to the removal petition, the Union should be allowed to remove the claims Santa Rosa has against the Union under section 1441(c). Section 1441(c) reads:

> Whenever a *separate and independent claim* or cause of action, which would be removable if sued upon alone, is joined with one or more *otherwise non-removable claims* or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. [Emphasis added].

28 U.S.C. sec. 1441(c). Removal cannot be justified under this section, however, because Santa Rosa's claim against the Union is *not* separate and independent from its claim against Converse, nor would the claim against Converse be "otherwise non-removable" if the claim against Union were determined to be removable under this Court's Section 301 jurisdiction. There is essentially one claim here—an alleged breach of a contract between Santa Rosa and Converse to provide medical services to Converse employees—against three defendants. The Union (the union and its local chapter) has been joined as a defendant because Santa Rosa alleges that its medical services contract constituted an amendment to the collective bargaining agreement between Converse and the Union, and that the three defendants conspired with one another to breach it. "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under section 1441(c)." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). In *New England Concrete Pipe v. D/C Systems*, 658 F.2d 867 (1st Cir.1981), the First Circuit pulled in the reins a bit tighter on federal removal jurisdiction under 1441(c). It found that different theories of recovery are not each "separate and independent claims," so long as they are all aimed towards compensation for a single wrong. It limited the "single wrong" rule of FINN even more by stating, "[w]hat should determine the applicability of section 1441(c), however many wrongs may comprise a particular suit, is whether those wrongs arise from an interlocked series of transactions, that is, whether they substantially derive from the same facts." 658 F.2d at 874 n. 12. Santa Rosa's claims against the Union and Converse demand compensation for a single wrong—the alleged breach of a contract. It is indisputable that the same facts will control the disposition of these claims—albeit in the Superior Court of Puerto Rico, Carolina Part.

WHEREFORE, it is hereby ORDERED that this case be REMANDED to the Superior Court of Puerto Rico, Carolina Part. A certified copy of this REMAND ORDER shall be mailed to the Clerk of said Court.

IT IS SO ORDERED.