### Donald R. WADE

v.

### FIREMAN'S FUND INSURANCE COMPANY, et al. (Two Cases)

### Civ. A. Nos. 88–731–A, 88–755–A.

United States District Court, M.D. Louisiana.

June 22, 1989.

C. John Caskey, Baton Rouge, La., and Richard McShan, Sibley & McShan, Greensburg, La., for Donald R. Wade.

John E. Heinrich, Breazeale, Sachse & Wilson, Baton Rouge, La., for James Fendley.

R. Michael Caldwell, Franklin, Moore & Walsh, Baton Rouge, La., for Jimmy Riggins and Fireman's Fund Ins. Co.

Richard S. Thomas, Lane, Fertitta, Lane & Tullos, Baton Rouge, La., for State Farm Mut. Auto. Ins. Co.

## RULING ON MOTIONS

JOHN V. PARKER, Chief Judge.

Having been referred to United States Magistrate Noland for the purpose of inquiring into subject matter jurisdiction, this matter is before the court for review of the magistrate's report and recommendation. Plaintiff has filed an opposition to the report. Additionally pending is a motion by defendant James Fendley to dismiss for lack of in personam jurisdiction. The latter motion is unopposed.

These consolidated cases arise from a single state court petition filed by plaintiff Donald Wade in the Twenty-first Judicial District Court for the Parish of Livingston on August 5, 1988, wherein plaintiff claims personal injury damages allegedly resulting from an incident occurring on December 25, 1987. Rather than jointly remove the action, defendant State Farm Mutual Automobile Insurance Company removed by filing Civil Action No. 88–731–A on August 26, 1988, and defendants, Fireman's Fund and James Fendley, removed by filing Civil Action No. 88–755–A on September 2, 1988. Defendant Jimmy Riggins did not join in or consent to either removal petition. Answers were subsequently filed on behalf of all of the defendants.

On January 6, 1989, Fireman's Fund filed a motion to amend its answer to delete the state appearance of co-defendant James Fendley on the grounds that he did not authorize counsel for the insurance company to file an answer on his behalf and due to a conflict of interest requiring separate defenses. In ruling on the motion to amend, the court sua sponte noticed that the removal petitions were defective inasmuch as all defendants did not jointly remove. The court further noticed that the petition in Civil Action No. 88–755–A fails to completely allege diversity of citizenship. The matter was accordingly referred to Magistrate Noland for inquiry into the question of subject matter jurisdiction and a report and recommendation.

In a report dated May 25, 1989, Magistrate Noland essentially finds that there is complete diversity of citizenship (as alleged in State Farm's removal petition) and that the failure of defendants to jointly remove is a procedural defect that has been waived by plaintiff's active participation in discovery processes of this court and coun-

sel's attendance at two status conferences.[1] It is clear that the defect resulting from the incomplete allegations of citizenship in the latter removal petition has now been cured. The magistrate recommends that the court retain jurisdiction.[2]

■ Plaintiff has filed an opposition to the report. The gist of his opposition is that the magistrate erred in finding that he waived the right to object to Fendley's failure to join in the removal petition since plaintiff did not discover that Fendley did not authorize removal until Fireman's Fund filed its motion to amend its answer on January 3. Plaintiff contends that he promptly objected in his opposition to the motion to amend filed by plaintiff on February 13. In effect, plaintiff would have this court find that he waived the broader defect caused by the failure of all defendants to jointly remove (and defendant Riggins' failure to join either petition) but not the more specific failure of defendant Fendley to actually authorize the filing of a removal petition on his behalf.

The court declines to engage in such technical hair splitting. Moreover, plaintiff's argument is flawed as there is no indication in the record that Fendley did not authorize the filing of the removal petition on his behalf. The motion to amend merely relates to the filing of the answer which constitutes an appearance of his right to challenge jurisdiction in personam. Indeed, it appears that all defendants do in fact consent to removal. Therefore, the court hereby approves and adopts the magistrate's report, finding that this court does have subject matter jurisdiction.

The court turns next to the motion by Fendley to dismiss for lack of in personam jurisdiction. In a supporting affidavit, Fendley states that he is a resident of Alabama and employs drivers to operate tractor-trailer rigs in delivering goods cross country. Fendley contracted with plaintiff (in Alabama) to operate one of his rigs. From the allegations of the state court petition, it is clear that plaintiff was injured while attempting to free the rig from some ice at a rest area in Shallow Water, Texas. According to his affidavit, Fendley never authorized the filing of any pleading that would waive his right to contest personal jurisdiction.

■ When a defendant challenges in personam jurisdiction, the plaintiff has the initial burden of making a prima facie showing of facts sufficient to establish jurisdiction over the defendant. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916 (5th Cir.1987). In view of the total absence of any allegations to establish purposeful minimum contacts with this state,[3] the court finds that the motion has merit. While it may well be presumed that an attorney who files an answer (waiving the right to object to personal jurisdiction) has been authorized by his client to do so, Fendley's affidavit is sufficient to overcome such a presumption. Under the circumstances, it would be inequitable to find a waiver of this defense.

Accordingly, that magistrate's report dated May 25, 1989, is hereby approved and adopted and the court retains jurisdiction over this matter. The motion by Fendley to dismiss for lack of in personam jurisdiction is hereby GRANTED.

## MAGISTRATE'S REPORT

CHRISTINE A. NOLAND, United States Magistrate.

These consolidated matters come before the Court on its *sua sponte* inquiry into its jurisdiction on removal.

---

1. The magistrate further notes that the 1988 amendment to 28 U.S.C. § 1447(c), effective November 19, 1988, now imposes a thirty day limit upon plaintiff in moving to remand based upon procedural defects. The magistrate cites some recent district court cases which have found the amendments to be procedural in nature and therefore subject to retroactive application. The court agrees with the magistrate, however, that this issue of retroactivity need not be decided herein.

2. The magistrate leaves unresolved a motion by Fireman's Fund and Riggins to join in removal on a related-back basis. This motion is mooted by the court's finding that this procedural defect has been waived.

3. The only allegations about Fendley are that he can be found at 11688 State Highway 104, Fairhope, Alabama and that he failed to furnish plaintiff a safe place to work.

*Background*

On August 5, 1988, plaintiff Donald R. Wade filed his petition for damages for personal injuries in a Louisiana state court against James Fendley, d/b/a Fendley Transportation, ("Fendley"), Fireman's Fund Insurance Company ("Fireman's Fund"), State Farm Mutual Automobile Insurance Company ("State Farm"), and Jimmy Riggins ("Riggins"). On August 26, 1988, defendant State Farm filed a petition for removal in this Court under Civil Action No. 88–731. Although Fendley, Fireman's Fund and Riggins had all been served by the time of the filing of State Farm's petition for removal, State Farm's petition nonetheless did not reflect that the other served defendants consented to and joined in the removal. On September 2, 1988, defendants Fireman's Fund and Fendley also filed a petition for removal in this Court, with the second removal petition being filed under Civil Action No. 88–755. Although, again, all defendants had been served by the time of the filing of the removal petition, this second removal petition also did not reflect that the other served defendants consented to and joined in the removal. Nothing reflecting the consent of defendant Riggins to removal was filed into the record in either action within thirty days of service on the first defendant.

The State Farm removal petition adequately sets forth the citizenship of the parties. The Fireman's Fund removal petition, however fails to adequately set forth the citizenship of all defendants.

Subsequent to removal, discovery has been initiated in federal court in that interrogatories and document production requests have been served on plaintiff, the plaintiff has made himself available for deposition and the plaintiff has sought to schedule the deposition of defendant Fendley. Further, the two actions have been consolidated and plaintiff's counsel has attended two status conferences in federal court. All of this activity transpired without the plaintiff raising any question as to the propriety of removal to the federal forum.

Plaintiff did not raise any question as to the propriety of removal until February, 1989, nearly six months after removal. On January 6, 1989, Fireman's Fund filed a motion to amend its answer filed on behalf of itself and Fendley so as to strike Fendley from the answer and to permit Fendley to file his own independent answer. Fireman's Fund sought this relief because of a conflict of interest between Fireman's Fund and its insured, Fendley. The plaintiff, in his opposition memorandum, submitted February 13, 1989, raised, for the first time, a question as to the propriety of removal in this case:

> If in fact the attorney in question did not have authority to act on behalf of the removing Defendants, then the Removal Petition was flawed fatally. 28 U.S.C. § 1441 requires *all* Defendants to join in a petition for removal, and failure to do so compels remand.

*Memorandum in Opposition to Defendant Fireman's Fund Insurance Company's Motion to Amend Answer,* at 3. In a Ruling issued on February 21, 1989, the Court thereupon withdrew Fireman's Fund's counsel as counsel of record for Fendley in favor of separately-retained counsel and permitted that counsel to file whatever pleadings that counsel thought necessary. In the course of that ruling, the Court noted facial failings in the removal petitions that were distinct from the question raised by the plaintiff and referred the matter to a Magistrate for a report and recommendation concerning removal. Plaintiff never has filed a motion to remand the matters, and it is only in his memorandum supporting remand, submitted May 4, 1989, that he affirmatively requests that the Court remand the matters to Louisiana state court. *Memorandum in Support of Court's Sua Sponte Motion to Remand,* at 8.

On May 9, 1989, Fireman's Fund and Riggins filed a motion to amend the Fireman's Fund removal petition in order to (a) cure Fireman's Fund's defective jurisdictional allegations concerning citizenship; and (b) retroactively join Riggins as a petitioner in the removal petition and retroac-

tively reflect consent to removal by State Farm and Fendley.

*Discussion*

The jurisdictional allegations of the Fireman's Fund removal petition are plainly insufficient in that they fail to allege the principal place of business of defendant State Farm. When federal jurisdiction depends upon citizenship, such citizenship must be distinctly and affirmatively alleged. *E.g., Getty Oil, Division of Texaco v. Insurance Company of North America,* 841 F.2d 1254, 1259 (5th Cir.1988). Allegations of corporate citizenship must set forth the state of incorporation as well as the principal place of business of each corporate party. *Id.* The law demands strict adherence to these rules and the Fifth Circuit repeatedly has emphasized the importance of clear, distinct, and precise affirmative jurisdictional allegations. *Id.* Fireman's Fund failed to allege the principal place of business of defendant State Farm and its jurisdictional allegations therefore were defective. The Court may, however, allow Fireman's Fund to cure this defect by amending the jurisdictional allegations in its removal petition pursuant to 28 U.S.C. § 1653. *See Getty,* 841 F.2d at 1262; *Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 871 n. 7 (5th Cir.1983). Yet such an amendment will not cure all of the defects in the removal petitions in this case, in light of the failure of all served defendants to timely consent to removal.

All served defendants must join in the removal petition or consent to removal no later than thirty days from the day on which the first defendant was served. *Getty,* 841 F.2d at 1263. If a served defendant does not actually sign the original petition for removal, then there must be some *written* indication, *filed in the record within thirty days of service on the first defendant,* from that defendant, or from someone purporting to formally act on its behalf with authority to do so, that the defendant actually has consented to removal. *Getty,* 841 F.2d at 1262 n. 11. Further, where all

of the defendants do not sign the removal petition, the petition must set forth a reason, such as lack of service, for not including all defendants. *Courtney v. Benedetto,* 627 F.Supp. 523, 526 (M.D.La.1986) (per Polozola, J.); *Lonthier v. Northwest Ins. Co.,* 599 F.Supp. 963, 964 (W.D.La.1985). The removing defendant bears the burden under the removal statute of affirmatively explaining the absence of co-defendants in the petition for removal, and the defendants's failure to set out such an explanation renders the removal petition defective. *Courtney,* 627 F.Supp. at 526.

In these matters, it is undisputed that a written indication of defendant Riggins' consent to removal was not filed into the record in either proceeding within thirty days of service on the first defendant. Thus, even taking the two removal petitions together,[1] the two petitions are both defective because a served defendant, Riggins, did not evidence his consent, in writing and on the record, to removal within the thirty day period. Further, neither petition attempts to explain why defendant Riggins had not signed the petition. The removal petitions therefore are facially defective and subject to remand to state court, *see Courtney, supra,* unless either the defect can be cured by amendment or the plaintiff has waived the right to seek remand on the basis of these procedural defects.

Fireman's Fund endeavours to cure the failure to join Riggins in its removal petition by seeking an order that would both grant leave to amend the petition to add Riggins as a removing defendant and direct that the amendment relate back to the filing of the original removal petition. The Fifth Circuit, while not conclusively resolving the issue, has cast doubt as to the ability of removing defendants to retroactively cure, by way of amended pleading, their failure to establish the consent of all served defendants within the thirty-day limitation period for removal. *See Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 n. 4 (5th Cir.1981). Judge Polozola of this

---

1. *Cf. Brooks v. Rosiere,* 585 F.Supp. 351, 352–53 (E.D.La.1984) (all served defendants do not have to sign the same petition for removal so

long as all defendants either petition for removal or join in a petition for removal within the thirty day period).

Court has addressed the issue, however, and has conclusively determined that the failure to allege the reason for not including all defendants in the removal petition is a substantial defect that cannot be cured retroactively by the filing of a supplemental or amended petition for removal. *Courtney*, 627 F.Supp. at 527.

Prior to the expiration of the thirty-day removal period, amendments are to be freely allowed but, after that period, amendments are improper other than to cure purely technical defects or to allege specific removal grounds imperfectly stated in the original petition. *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 446 (M.D.N.C.1982). Amendment is not proper to allege entirely new facts of substance. *Id.* A proposed amendment that seeks to express consent to removal where no such allegation was made in the original petition seeks not to cure a mere technical defect or clarify an imperfectly-stated allegation but, rather, to allege an entirely new fact of substance. *Id.* Such an amendment therefore is not proper after the expiration of the thirty-day removal period. *Id. Accord Brooks v. Rosiere*, 585 F.Supp. 351, 353 & 354 (E.D. La.1984) (defendants could not cure the failure to join all served defendants either by an after-the-fact motion for leave to join in the removal petition or by an amendment to the removal petition under 28 U.S.C. § 1653). Otherwise, the statutory provision for removal by all served defendants within the thirty-day limitation period would be stripped of its effectiveness. *See Mason*, 543 F.Supp. at 446 n. 3.

Fireman's Fund therefore should not be granted leave to file an amendment to its removal petition that retroactively reflects the joinder and consent of a defendant, Riggins, who did not evidence its consent, on the record, to removal within the thirty-day removal period.

The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff. *Roberts v. Vulcan Materials Company*, 558 F.Supp. 108 (M.D.La.1983). Section 1447(c) of Title 28, as amended effective November 19, 1988, now provides that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (1988). This recent change in procedural law may well be applicable to this case, for the usual rule of statutory construction is that a change in procedural law is applicable to all cases pending as of the legislation's effective date, absent some indication of a contrary legislative intent and absent procedural prejudice to either party. *See Greer v. Skilcraft*, 704 F.Supp. 1570, 1574 (N.D.Ala.1989) (discussing retroactive effect of 1988 amendments to removal statute); *Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1469 (C.D.Cal.1989) (similar). In an analagous context, the Fifth Circuit has followed this principle to hold that the adoption of a three-year statutory period limiting the assertion of a right applies to pending cases, such that the right lapses if not asserted within three years of the effective date of the new law. *See Cooper v. Diamond M Company*, 799 F.2d 176, 178 (5th Cir.1986), *cert. denied*, 481 U.S. 1048, 107 S.Ct. 2177, 95 L.Ed.2d 834 (1987) (46 U.S.C.App. § 763a, which replaced the maritime doctrine of laches in tort cases with a three year limitations period, applies to claims that accrued prior to the passage of the statute and such claims filed more than three years after the passage of the statute are time-barred). Thus, it appears quite likely that the newly-amended Section 1447(c) would bar the plaintiff from seeking remand in this case, because the plaintiff did not raise any question as to the propriety of removal until more than thirty days after the effective date of the amendment.

The Court of course need not resolve the question of whether the 1988 amendment to Section 1447(c) is applicable to the instant case if the plaintiff has acted in a manner that constitutes waiver under the prior law. Either active participation in the federal court proceedings or delay by the plaintiff in objecting can give rise to waiver of procedural defects in a removal petition.

*Roberts,* 558 F.Supp. at 109. A plaintiff who thus delays in seeking remand or otherwise participates in the proceedings in the district court may be precluded from obtaining remand on the basis of a defendant's untimely consent to a defective removal petition. *Harris,* 664 F.2d at 945.

The plaintiff here has acted in a manner that is consistent with a finding of a waiver of his right to seek remand on the basis of the procedural defect presented. The plaintiff allowed these actions to remain on the Court's docket for nearly six months without raising any question as to the propriety of removal. Plaintiff then only raised the matter tangentially in the course of his opposition to Fireman's Fund's motion to amend its answer. And it was the Court, and not the plaintiff, that identified the procedural defects in question here. Moreover, over that six-month period, plaintiff attended two status conferences in federal court, without in any way raising any question as to the propriety of removal, and participated in discovery in the federal actions. This conduct by a plaintiff who has not even come forward with a formal motion to remand certainly is consistent with a finding of waiver of his right to seek remand on the basis of procedural defects noticed *sua sponte* by the Court. *Cf. Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983) (waiver where party did not file motion to remand); *Fontenot,* 703 F.2d at 870–71 (waiver where plaintiff waited thirteen months to seek remand, counsel participated in status conferences in which jurisdiction was acknowledged); *Harris,* 664 F.2d at 945 (waiver where plaintiff participated in discovery and gave no indication of dissatisfaction with the federal forum until the remand motion was filed); *Roberts,* 558 F.Supp. at 109 (waiver where plaintiff participated in discovery in the federal proceedings and never objected to the federal forum until the court raised the defects in the petition *sua sponte* ).

Accordingly, it would appear that, by both participating in the federal court proceedings and delaying too long in challenging removal of these actions, the plaintiff has waived his choice of forum and that the matters should not be remanded to the state court.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the Magistrate that the Court RETAIN jurisdiction over these consolidated actions. Further, it is the recommendation of the Magistrate that the motion for leave of Court to file an amended petition for removal be GRANTED IN PART, such that Fireman's Fund be permitted to more adequately state the citizenship of the diverse parties, and DENIED IN PART, such that Fireman's Fund be denied leave to retroactively join defendant Riggins in the petition for removal. Said motion to amend will be transmitted to the presiding Judge along with this Report so that the motion can be ruled on in a manner consistent with the Court's ultimate resolution of the matter.

Baton Rouge, Louisiana, this 25 day of May, 1989.