**Walter WIACEK and Bessie Wiacek, Plaintiffs,**

v.

**EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a New York corporation, General Growth/Center Companies, Inc., a Delaware corporation; jointly and severally, Defendants.**

**No. 92–CV–72877–DT.**

United States District Court, E.D. Michigan, S.D.

July 29, 1992.

John I. Kittel, Richard J. Carolan, Detroit, Mich., for plaintiffs.

John J. Lynch, Paul C. Pfister, Birmingham, Mich., for defendants.

1. The Court ordered defendants to file a supplemental brief, not to exceed five pages, exclusive of attachments, further detailing defendants' fraudulent joinder argument. The brief was due by July 22, 1992.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

In resolving plaintiffs' motion to remand, the Court holds that a non-diverse defendant, that was fraudulently joined and involuntarily dismissed in state court, does not destroy complete diversity of citizenship for purposes of establishing subject matter jurisdiction upon removal.

### I.

This is a slip and fall case and it is before the Court on plaintiffs' motion to remand to the Wayne County Circuit Court—the Court from which it was removed. Defendants have filed a response brief and a supplemental brief.[1] Pursuant to E.D.Mich.Local R. 7.1(e)(2), the Court orders that the motion be submitted and determined on the briefs.

Plaintiff–Walter Wiacek's claimed injuries occurred during a slip and fall accident at the Westland Center, a shopping mall in Westland, Michigan.[2] When the case was originally filed in state court, three defendants were named: Equitable Life Assurance Society of the United States ("Equitable"), the owner of Westland Center; General Growth/Center Companies ("General"), the management company operating Westland Center; and the City of Westland (the "City"). Of the three, only the City was non-diverse.

While the case was pending in state court, the City (also referred to as the "non-diverse defendant") was dismissed. Equitable and General, the remaining defendants, subsequently removed the case to this Court. Plaintiffs now contend that the case was improvidently removed and, therefore, should be remanded. After reviewing the motion, briefs, and court file, the Court denies plaintiffs' motion to remand.

2. Plaintiff–Bessie Wiacek claims a loss of consortium.

## II.

Defendants–Equitable and –General removed this case pursuant to 28 U.S.C. § 1446(b), which states:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Plaintiffs offer two arguments in support of their motion for remand. First, plaintiffs contend that removal was improper under § 1446, where, as here, complete diversity was created by court order and not by plaintiffs' voluntary dismissal of the non-diverse defendant. Second, plaintiffs argue that defendants failed to substantiate the requisite amount-in-controversy in their notice of removal.

Defendants–Equitable and –General contend that after the non-diverse defendant (i.e., the City) was dismissed by court order, the case became removable under § 1446(b). Furthermore, the defendants argue that despite the involuntary nature of the City's dismissal, removal under § 1446 was proper because the City, they allege, was fraudulently joined to defeat diversity jurisdiction. With respect to plaintiffs' amount in controversy argument, defendants contend that they have met their burden under § 1446(b) by including a short and plain statement identifying the basis for removal jurisdiction.

## III.

With respect to plaintiffs' diversity of citizenship argument, the Court concludes that removal was proper. Although it is true that an involuntary dismissal in state court operates as an exception to a defendant's right to remove under § 1446, fraudulent joinder of the involuntarily dismissed defendant negates the exception and permits removal.

## A.

Federal courts have long distinguished between the voluntary and involuntary dismissal of a non-diverse defendant when considering the propriety of removal under § 1446(b). *Great No. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); 14A Charles A. Wright *et al., Federal Practice and Procedure* § 3723, at 316 (2d ed. 1985). Where a non-diverse defendant has been involuntarily dismissed, courts have generally held that the case is not removable. *See Holston v. Carolina Freight Corp.*, 936 F.2d 573 (6th Cir.1991) (LEXIS Genfed library, 6th file); *Higgins v. E.I. Dupont DeNemours*, 863 F.2d 1162 (4th Cir.1988); *O'Rourke v. Communique Telecommunications, Inc.*, 715 F.Supp. 828 (E.D.Mich.1989) (Duggan, J.); *Rodenroth v. Firestone Tire & Rubber*, No. 87–0725 (E.D.Mich. May 15, 1987) (Suhrheinrich, J.) (LEXIS, Genfed library, 6th file). This voluntary/involuntary distinction is grounded in the observation that when a non-diverse party is eliminated from an action pursuant to court order (i.e., involuntarily), the order of dismissal may be the subject of appeal; consequently, although diversity may temporarily exist between the parties, federal jurisdiction might ultimately be destroyed if the state appellate court reverses the order of dismissal. In contrast, a voluntary dismissal demonstrates a plaintiff's permanent intention not to pursue the case against the non-diverse defendant. As a result, unlike an involuntary dismissal, a voluntary dismissal does not present a threat to continued diversity, and courts will generally permit removal.

In this case, dismissal of the non-diverse defendant was involuntary because plaintiffs opposed the non-diverse defendant's motion for summary disposition. Defendants have not asserted a single argument to support a claim that dismissal was voluntary. Accordingly, the Court concludes that the state court's dismissal of the City, a dismissal effected by means of court order in response to a motion for summary

disposition, was involuntary. However, the Court's finding that the dismissal was involuntary does not, alone, determine the outcome of plaintiffs' motion to remand. As noted above, a successful claim of fraudulent joinder overcomes the effect of the voluntary/involuntary rule.

### B.

In essence, a successful fraudulent joinder claim functions as an exception to the exception; that is, if defendants can show that the City of Westland was fraudulently joined, then removal is permitted under § 1446, regardless of whether the dismissal was voluntary or involuntary. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992). The fraudulent joinder "exception to the exception" makes sense because, for purposes of establishing federal jurisdiction, a fraudulently joined defendant is *completely* disregarded.

The test for fraudulent joinder has not been uniformly stated. Some courts require that the defendant establish that there is absolutely no possibility that the plaintiff could state a cause of action against the non-diverse defendant in state court (the "absolute" standard). *See, e.g., Brusseau v. Electronic Data Systems*, 694 F.Supp. 331, 333 (E.D.Mich.1988). Other courts hold that the defendant must show that there is no reasonable basis for a claim against the non-diverse defendant in state court under the facts alleged (the "reasonableness" standard). *See, e.g., Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354, 355 (E.D.Mich.1988).[3]

■ The Court believes that the reasonableness standard is the better of the two. Under the reasonableness standard, the removing defendant(s) are saddled with a substantial burden of demonstrating that the non-diverse defendant was fraudulently joined. However, under the absolute standard, the removing defendant(s) must disprove any possibility of liability, a daunting task in an age of ever expanding theories of liability. Therefore, in this case, defendants-Equitable and –General must show that no reasonable basis exists for asserting a claim against defendant-City of Westland in state court under the facts alleged.

The Court must also decide one other preliminary legal issue before assessing the merits of defendants' fraudulent joinder claim. The facts in this case present a slight wrinkle: instead of being faced with the typical case in which the non-diverse defendant is currently a party to the action, the Court is faced, in this case, with a situation where the non-diverse defendant has been dismissed in state court. This precise situation confronted the court in *Poulos v. Naas Foods*, which held that instead of asking whether there is any reasonable possibility that a state court would rule against the non-diverse defendant, the Court must ask whether there is any reasonable possibility that the state court order dismissing the non-diverse defendant will be reversed or vacated on appeal. *Poulos*, 959 F.2d at 73. The Court adopts the *Poulos* approach, given the facts of this case.

Defendants have met their burden of proving fraudulent joinder. The state court specifically held that "governmental immunity applies to the City of Westland." By implication, under Michigan law, the state court's ruling indicates that plaintiffs failed to plead and/or prove a cognizable exception to the general rule of governmental immunity. *See Ross v. Consumers Power Co.*, 420 Mich. 567, 618, 363 N.W.2d 641 (1984). The sore lack of legal foundation for the claim against the City and the virtually non-existent factual basis for the claim [4] lead the Court to the conclusion that the City was frivolously and fraudulently joined to defeat diversity jurisdiction.

---

**3.** One thing is clear: under either standard the defendant seeking to invoke federal jurisdiction bears the burden of proof. This burden is consistent with the general rule that the party seeking to remove bears the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66

L.Ed. 144 (1921); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989).

**4.** Exhibits submitted by the defendants indicate that the City of Westland paramedics arrived on the scene of the accident in approximately four minutes.

Plaintiffs' failure to appeal the state court's order of partial dismissal further supports the Court's finding of fraudulent joinder. Thus, the Court finds that no reasonable possibility exists that the state court order of partial dismissal will be reversed or vacated; as a result, under the fraudulent joinder exception to the voluntary/involuntary rule, the Court concludes that defendants properly removed this case to federal court under § 1446(b) based on diversity of citizenship.

Having determined that the case was properly removed under § 1446(b), the Court turns its attention to plaintiffs' amount-in-controversy argument.

## IV.

■ Plaintiffs contend that defendants failed to prove sufficiently that the amount-in-controversy exceeds $50,000.[5] In their notice of removal, defendants aver that this case is one "in which the amount-in-controversy exceeds Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs...." Defendants do not say anything else relating to the amount-in-controversy in their notice of removal.

Plaintiffs argue that the simple averment in defendants' notice of removal fails to satisfy 28 U.S.C. § 1446(a), which states that "defendants desiring to remove any civil action from a State Court shall ... [state] the grounds for removal." In essence, plaintiffs urge the Court to find that § 1446(a) imposes on removing defendants a fact pleading requirement relating to the amount-in-controversy. According to plaintiffs, this requirement is the natural and likely consequence of the phrase "grounds for removal" in § 1446(a). Plaintiffs also suggest that a fact pleading requirement

under § 1446(a) is consistent with congressional intent to "reduce the number of cases that can be removed from State Court."

The procedure for contesting the amount-in-controversy is clearly delineated in E.D.Mich. local R. 81.1(b), which provides:

(1) If the plaintiff does not file a motion to remand, the Court will take no further action unless the Court, *sua sponte* [,] determines that further action is appropriate. In such case, the Court shall give notice to the parties and an opportunity to respond.

(2) If a plaintiff moves to remand, contending that the amount in controversy does not exceed $50,000 exclusive of interest and costs, the plaintiff shall include with the motion [ ] a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and detailed description of the factual basis for such estimate.

(3) If a motion to remand is filed contesting the amount in controversy, a statement shall be filed on behalf of the removing defendant which shall set forth in detail the facts or other information on which the defendant relies in alleging the amount in controversy.

Local R. 81.1(b) rejects any notion that a defendant at the outset is required to aver, with specificity, facts to support its allegation that the amount-in-controversy exceeds $50,000. It is only in response to a plaintiff's itemization or estimation of damages claimed that a defendant is required to submit detailed facts of damages exceed-

---

5. In removed cases, problems surrounding the existence of diversity jurisdiction usually focus on the amount in controversy. Such problems, generally, result from differing pleading requirements in the Michigan Circuit Courts and in the Federal District Court. For an unliquidated claim in Michigan, a plaintiff cannot plead a specific amount, but rather is constrained to plead damages "in excess of $10,-000." *See* M.C.R. 2.111. However, to establish diversity jurisdiction under federal statute and pleading rules, the actual amount in controver-

sy must exceed $50,000 on the face of the complaint. 28 U.S.C. § 1332; *St. Paul Indem. Corp. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Thus, when a state case is removed, it is understandably difficult to determine whether a state complaint seeking damages in excess of $10,000 also presents an amount in controversy exceeding $50,000.

To resolve all doubts and to ensure uniformity of practice, the Judges of the Eastern District adopted E.D.Mich.Local R. 81.1, which applies in part to the issues before the Court.

ing $50,000. *See* E.D.Mich.Local R. 81.-1(b)(3).

In this case, plaintiffs have failed to trigger any obligation on the part of defendants to substantiate the amount-in-controversy. Plaintiffs' motion is devoid of any itemization or estimation of costs, as required by Local Rule 81.1(b). In fact, plaintiffs' argument relies exclusively on § 1446(a) and ignores Local Rule 81.1(b). The Court's research has not revealed any authority that identifies a fact pleading requirement in § 1446(a). Accordingly, because plaintiffs' argument has no sound basis in the Local Rules, removal statutes and case law, the Court concludes that defendants have met their burden of establishing the requisite amount in controversy.

### V.

In summary, the Court concludes (1) that defendant City of Westland was involuntarily dismissed from this case in state court; (2) that defendant City of Westland was fraudulently joined to defeat jurisdiction; and (3) that plaintiffs' challenge to the amount-in-controversy lacks merit. Accordingly, for all of the foregoing reasons, plaintiffs' motion to remand is hereby DENIED.

IT IS SO ORDERED.