**Phyllis HARDY and Samone Hardy Neely, Co–Executors of the Estate of Joseph Hardy, Plaintiffs,**

v.

**AJAX MAGNATHERMIC CORP., et al., Defendants.**

**No. CIV. A. 1:00CV–169–R.**

United States District Court, W.D. Kentucky, Bowling Green Division.

Oct. 4, 2000.

Joseph D. Satterley, Segal, Stewart, Cutler, Catlett, Lindsay & Janes, PLLC, Louisville, KY, Fred G. Greene, Greene & Joines, Russellville, KY, Kenneth L. Sales, Sales, Tillman & Wallbaum, Louisville, KY, for Phyllis Hardy, Samone Hardy Neely, Executor est Joseph Hardy, plaintiffs.

James M. Gary, Patrick W. Gault, Weber & Rose, Louisville, KY, Patrick Riley, Riley, McNulty, Hewitt & Sweitzer, Pittsburgh, PA, for Ajax Magnethermic Corp., defendant.

Craig R. Banford, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, for A.P. Green Industries, Inc., defendant.

Stephen M. Bowers, Hawkins & Parnell, Atlanta, GA, for Quigley Co, defendant.

## MEMORANDUM OPINION

RUSSELL, District Judge.

This case is before the Court on Plaintiffs' Motion to Remand (Dkt.# 2). This Court **DENIES** that motion.

## BACKGROUND

This case involves a personal injury dispute based on Joseph Hardy's alleged exposure to products containing asbestos. Plaintiffs filed the original case on November 18, 1996. At the time of filing, the original complaint named Ajax Mangat-hermic Corp., Clark Construction Company, Eschweiler & Eschweiler, Allen & Hoshall, and John Bouchard & Son Co. The Complaint stated that Ajax Magnat-hermic Corp. was Delaware corporation, that Allen & Hoshall and John Bouchard & Son Co. were Tennessee corporations and that Clark Construction Company was a Kentucky corporation. The complaint did not name the domiciliary of Eschweiler & Eschweiler and that party has never been served. Clark Construction destroyed diversity in this case.

On June 1, 2000, the Logan Circuit Court granted Clark Construction Company's unopposed Motion for Summary Judgment and issued a final order dismissing the Plaintiffs' case against Clark Construction Company, Allen & Hoshall and John Bouchard & Son Co. On August 2, 2000, Plaintiffs amended complaint named the Quigley Company. A third-party complaint filed that same day by Ajax Magnat-hermic Corp. also named Quigley Company. Quigley then filed a notice of removal on September 1, 2000. At this time, complete diversity exists between Plaintiffs and Defendants.

## DISCUSSION

A party may remove a case commenced in state court to federal district court if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" and if the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a). 28 U.S.C. § 1446 governs the procedure for removal. Defendants wishing to remove a case must file and serve a notice of removal within thirty days of receiving the initial pleading upon which the claim is based. *See* 28 U.S.C. § 1446(b). If the case stated in the initial pleading is not removable, a party has thirty days from receiving information making the case removable to file a notice of removal with the caveat that removal based on jurisdiction conferred by section 28 U.S.C. 1332 (diversity jurisdiction) is

barred more than one year after the commencement of the action.

■ The instant case presents an interesting question of law. On its face, no diversity existed in the original complaint. Quigley, however, argues that Plaintiffs fraudulently joined Clark Construction Company and that because of the fraudulent joinder, no true diversity existed in the originally filed complaint. As a result, Quigley asserts that the one-year time limitation does not bar removal in this case. Plaintiffs contest each step of this reasoning.

The Sixth Circuit addressed a similar issue in *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (1999). The Court held that in a case with multiple defendants served at different times, later-served defendants have 30 days from the date of their service to remove a case to federal district court, so long as they have the consent of the remaining defendants. In this case Quigley meets this test. Plaintiffs served Quigley on August 2, 2000. Quigley removed the case to this Court with the consent of A.P. Green Industries, Inc. and Ajax Magnathermic Corporation on September 1, 2000. This meets the 30 day time-frame required by the first paragraph of 28 § 1446(b).

Despite the compliance with the first portion of 1446(b), Plaintiffs argue that the one-year limitation bars removal in this case under the second paragraph of 1446(b). The Sixth Circuit has held that "the one-year limitation on removal of diversity cases applies only to those that were not initially removable." *Id.* at 534. Plaintiffs, however, argue that fraudulent joinder does not destroy jurisdiction so long as jurisdiction existed in the initial pleading. This Court disagrees.

■ In reaching its decision in *Brierly*, the Sixth Circuit relied heavily on the reasoning of *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir.1998). *Ritchey* involved fraudulent . joinder. Like this case, the court noted that diversity jurisdiction did not exist on the face of Ritchey's complaint. Based on the facts of the case, however, the *Ritchey* Court determined that the nondiverse defendants had been fraudulently joined. The court went on to hold that the one year limit on removal of diversity cases does not apply to cases involving fraudulent joinder. *See also Norman v. Sundance Spas, Inc.*, 844 F.Supp. 355 (W.D.Ky.1994). As the Sixth Circuit relied heavily on the reasoning of *Ritchey* in *Brierly* and the reasoning is sound, this Court finds that law persuasive and adopts that holding here. Accordingly, the one-year limitation does not bar removal in this case *if* Plaintiffs fraudulently joined the nondiverse defendant. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey*, 139 F.3d at 1318.

This conclusion leads the Court to its final inquiry. Did Plaintiffs fraudulently join the nondiverse defendants?

When speaking of jurisdiction, "fraudulent" is a term of art. *See Poulos v. Naas Foods Inc.*, 959 F.2d 69 (7th Cir.1992). In most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives. *See id.* This definition of "fraudulent" accords with the purpose of the fraudulent joinder doctrine. No matter what the plaintiff's intentions may be, an out-of-state defendant may desire access to federal court. *See id.*

■ The Sixth Circuit considered fraudulent joinder in *Alexander v. Electronic Data Systems*, 13 F.3d 940, 949 (6th Cir. 1994). The removing party bears the burden of establishing fraudulent joinder. *See id.*

There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law... One or the other at least would be required before it could be said that there was no real intention to get a

joint judgment, and that there was no colorable ground for so claiming. *Id.* at 949 (citing *Bobby Jones Garden Apart., Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir.1968)). "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.*

Quigley argues that this Court should follow the Eastern District of Michigan's application of this standard to cases involving summary judgment in *Wiacek v. Equitable Life Assurance Soc. of the United States,* 795 F.Supp. 223 (E.D.Mich.1992). In *Wiacek,* the court faced a situation similar to the one presently before this Court-a situation where the non-diverse defendant has been dismissed in state court. *Wiacek* held that instead of asking whether there is any reasonable possibility that a state court would rule against the non-diverse defendant, the Court must ask whether there is any reasonable possibility that the state court order dismissing the non-diverse defendant will be reversed or vacated on appeal. This Court declines to adopt such a standard. Plaintiffs frequently file cases with a good faith belief that they have a meritorious claim. After sifting through the facts, however, it sometimes becomes apparent that the facts or law are not in their favor. This does not, however, mean that the plaintiff necessarily fraudulently joined the dismissed party. Such a holding goes too far. Instead, this Court will apply the "reasonable basis" test of *Alexander.*

Between the time that Plaintiffs filed their complaint in November 1996 and the time when the case against the non-diverse defendant was dismissed in June 2000, Plaintiffs' counsel sought little discovery. Plaintiffs filed no interrogatories, requests for admissions or requests for production of documents with the Court. (Dkt.# 6, Exh. 5.) Plaintiffs filed one deposition, that of Co–Plaintiff Phyllis Hardy, in July 1998. The Court entered a Case Management Order in this case on September 19, 1999. This Order included specific requirements that Plaintiffs supply to Defendants a listing of all asbestos-containing products to which Plaintiffs contend that Joseph Hardy was exposed together with the manufacturer, supplier, and/or distributor of each product and where and when such exposure to the product occurred. (Dkt.# 6, Exh.6.) Several Defendants thereafter filed motions to dismiss. In an Order addressing the motions to dismiss, the Court noted that it had "some suspicion from oral argument on this motion, and from Plaintiffs' lack of response to the Case Management Order, that Plaintiffs' counsel may have no clue as to precisely when and where and how in the life of Joseph Hardy he was exposed to asbestos. Some answer to this question should have been available to counsel for Plaintiffs before the Complaint was filed three years ago." *Id.* The court continued, stating that the Court feared "that the reason the Plaintiffs have not aggressively pursued this case and have failed to comply with the Case Management Order is that they have no proof whatsoever of causation." *Id.* The Court then ordered Plaintiffs to respond to the Case Management Order showing cause why the case should not be dismissed with prejudice. The Court, without objection from Plaintiffs, subsequently granted summary judgment in favor of Allen & Hoshall, Clark Construction Company, and John Bouchard & Son Co. and dismissed Plaintiffs' claims against these parties with prejudice.

Despite this history, Plaintiffs argue they did indeed have a "reasonable basis" for filing their claims. They claim that the deposition of J.L. Williamson, taken by Defendant Ajax Magnathermic, Corp., on May 17, 2000, demonstrated that Clark Construction Company held the original construction documents for the plant where the decedent had worked and where Plaintiffs believe he was exposed to asbestos. In addition, Williamson also testified that Clark Construction Company sub-contracted the original plumbing work on the building. Plaintiffs surmise that as a gen-

eral contractor, Clark Construction Company might have been responsible in some fashion for the asbestos in the plant.

A court should not take lightly the claim of fraudulent joinder. Indeed, a Court should take pause when the accusation is made. Nevertheless, this case presents a situation where the case history and facts reveal fraudulent joinder. In four years Plaintiffs took virtually no discovery and had no facts to have any reasonable basis for a claim against Clark Construction Company. Plaintiffs have made no demonstration that their case has any merit whatsoever. Plaintiffs now argue that a recent deposition taken by another party demonstrates that some set of facts may turn up that would make Clark Construction Company liable. The flaw in this argument is that "some" set of facts could turn up to make virtually any person liable in any case. The question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. Here, there is no such reasonable basis now and no evidence suggests a reasonable basis at the time Plaintiffs filed their complaint four years ago. The fact that Plaintiffs had no reasonable basis in their claims against Clark Construction Company, the only nondiverse party, demonstrates that Clark Construction Company was fraudulently joined.

Because they were fraudulently joined, the one-year limitation does not bar removal in this case. Quigley complied with the Sixth Circuit's interpretation of the 30 day removal requirement and removal was proper.

This Court **DENIES** Plaintiffs' Motion to Remand.