**Donna MILLER, individually and as Administratrix of the Estate of Charles Miller, Plaintiff,**

v.

**BAS TECHNICAL EMPLOYMENT PLACEMENT COMPANY, et al., Defendants.**

**No. CIV. A. 2:00–0896.**

United States District Court,
S.D. West Virginia.
Charleston Division.

Jan. 12, 2001.

Guy R. Bucci, Timothy C. Bailey, Bucci Bailey & Javins L.C., Charleston, WV, for Plaintiffs.

Douglas E. Cameron, Arnd N. von Waldow, Reed Smith Shaw & McClay, LLP, Pittsburgh, PA, G.W. Lavender III, MacCorkle Lavender & Casey PLLC, Charleston, WV, for Defendant SMS Scholemann–Siemag, Inc.

David D. Johnson III, Nancy C. Hill, Winter Johnson & Hill PLLC, Charleston, WV, for Defendant BAS Technical Employment Placement Company.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion to remand. The Court DENIES the motion without prejudice.[1]

### I. INTRODUCTION

This action presents the Hobson's choice frequently facing defendants in state civil actions. In sum, a non-resident defendant joined with a resident defendant, whom the former believes is fraudulently joined, must often choose between (1) remaining

---

1. Other related motions pend as well. Defendant SMS Schloemann–Siemag, Inc. moved to extend the page limit for its response brief. The motion to extend was filed contemporaneous with the response exceeding the page limit. The Court GRANTS the motion. SMS is advised, however, that future requests for extension will be denied if not (1) supported by good cause; and (2) filed well in advance of the document for which the extension is sought.

Also, Plaintiff moved to strike Defendant BAS Technical Employment Placement Company's supplemental response to Plaintiff's motion to remand. The Court **DENIES** the motion.

in state court and letting the one-year time limit allowed for diversity-based removal expire;[2] or (2) removing the case, risking a remand, and suffering fees and costs for improvident removal.[3]

In the instant case, the balance struck by Congress in the removal statutes is best served by denying the motion to remand without prejudice. The motion may be renewed after the completion of discovery that was interrupted by removal to this forum.

## II. FACTUAL BACKGROUND

Plaintiff's decedent, Charles Miller, was assigned by Defendant BAS Technical Employment Placement Company (BAS) to perform services at a steel casting facility located in South Korea. Defendant SMS Scholemann–Siemag, Incorporated designed and constructed the facility. While Miller was performing repairs at the South Korean facility, molten steel spilled, melted through a blower fan assembly, and poured onto him. Miller died approximately one month later.

On November 24, 1999 the widowed Plaintiff instituted this action against BAS and SMS in the Circuit Court of Kanawha County. She alleged a deliberate-intention claim against BAS pursuant to *West Virginia Code* Sections 23–4–2(b) and (c)(2)(ii), asserting BAS "took no steps to ensure safe work environments would be provided for its employees" at its assigned jobs. Compl. ¶ 8.[4]

BAS commenced discovery in December 1999. On September 12, 2000, during the discovery period, BAS moved for summary judgment. SMS removed the case after

2. Title 28 U.S.C. § 1446(b) provides pertinently:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

*Id.* (emphasis added). Title 28 U.S.C. § 1332 governs removal based on diversity of citizenship.

3. Some courts hold the Section 1332 one-year deadline is not a bar in cases where fraudulent joinder is raised. *Hardy v. Ajax Magnathermic Corp.*, 122 F.Supp.2d 757, 759 (W.D.Ky.2000)("[T]he one-year limitation does not bar removal in this case if Plaintiffs fraudulently joined the nondiverse defendant."). Assuming the issue remains an open one in this jurisdiction, the Court need not address it here because this action was removed before the one-year deadline expired.

4. *West Virginia Code* Section 23–4–2(c)(2)(ii) provides the immunity from suit accorded to employers under the West Virginia Workers' Compensation Act may be lost only if an employer acts with the deliberate intention to injure its employee. *Id.* The high proof requirement is satisfied only if the fact-finder makes all of the five prerequisite findings below:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
> (B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;
> (C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and
> (E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

BAS' filing, asserting BAS' motion was a filing from "which it ... [could] first ... ascertain[ ] that the case is one which is or has become removable" under Section 1446(b).[5] In sum, SMS asserts BAS, a West Virginia corporation, was fraudulently joined based on the contents of BAS' summary judgment motion.[6]

As noted, discovery was not complete at the time of either BAS' dispositive motion or SMS' removal. In fact, roughly three (3) months of discovery remained, and Plaintiff had noticed six depositions to be completed during that time.

## III. DISCUSSION

■ Our Court of Appeals recently restated a defendant's "heavy burden" in supporting a fraudulent joinder allegation:

"In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts."

*Mayes v. Rapoport,* 198 F.3d 457, 464 (4th Cir.1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981))(alteration in original; quotation omitted). The applicable standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P.

12(b)(6)." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir.1999).

The Court is mindful of the careful scrutiny our Court of Appeals applies to fraudulent joinder claims. For example, *Hartley* states:

"CSX contests these points and we are unable to resolve them with the snap of a finger at this stage of the litigation. Indeed, these are questions of fact that are ordinarily left to the state court jury.

In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. Allowing joinder of the public defendants is proper in this case because courts should minimize threshold litigation over jurisdiction. Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

. . . .

We cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in this case. Hartley's claims may not succeed ultimately, but ultimate success is not required to defeat removal. Rather, there need be

---

*W. Va.Code § 23–4–2(c)(2)(ii).*

**5.** One ground asserted by Plaintiff in support of remand is that removal was untimely. SMS alleges it first learned this action was subject to removal on September 12, 2000, when BAS filed a comprehensive motion for summary judgment with attachments. Plaintiff, however, claims SMS possessed three of those attachments, affidavits executed by three SMS employees, as early as August 15, 2000. If August 15 is the operative date to start the thirty (30) day period running, removal was untimely.

After reviewing the affidavits, BAS' summary judgment motion, and other materials, however, the Court is satisfied removal was based on far more than the three (3) affidavits. Accordingly, removal, using the filing date of BAS' summary judgment motion as the operative date, was timely.

**6.** Title 28 U.S.C. § 1441(b) permits the removal of a case otherwise satisfying the requirements for diversity of citizenship only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*

only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."

*McWilliams v. Monarch Rubber Co.,* 70 F.Supp.2d 663, 665 (S.D.W.Va.1999) (citations omitted)(quoting *Hartley,* 187 F.3d at 425–26).

 Presently, the Court has no difficulty retaining the case. The current record discloses no possibility Plaintiff could establish a claim against BAS under the very strict standards employed by the Legislature in the deliberate-intention statute.[7] Specifically, Plaintiff has not directed the Court to any evidence supporting the second element of the statute, namely that BAS:

> had a *subjective realization* and an appreciation of the existence of ... [a] specific unsafe working condition *and* of the *high degree of risk* and the *strong probability of serious injury or death* presented by ... [a] specific unsafe working condition[.]

W. Va.Code § 23–4–2(c)(2)(ii)(B). As noted in *Livingston v. K–Mart Corp.,* 32 F.Supp.2d 369 (S.D.W.Va.1998), "Element two has a particularly high proof threshold." *Id.* at 373.

Nonetheless, the Court desires to (1) assure itself of the propriety of exercising subject matter jurisdiction; and (2) accord Plaintiff the right to fully complete the discovery it was pursuing in the state forum at the time of removal. Fairness dictates Plaintiff be given the opportunity to demonstrate the "glimmer of hope" of a claim against BAS as discussed in *Hartley.*

Accordingly, the Court **ORDERS** as follows:

1. That Plaintiff's motion to remand is **DENIED** without prejudice;

2. That the parties may conclude any remaining discovery, including expert discovery, no later than April 16, 2000;

3. That Plaintiff may renew her motion to remand at the close of discovery;

4. That if the motion to remand is denied, the Court will enter an appropriate Scheduling Order with deadlines for, *inter alia,* dispositive motions and trial; and

5. That any other pending motions are **DENIED** without prejudice.

The Clerk is directed to (1) post a copy of this Memorandum Opinion and Order on the Court's public website at www.wvsd.uscourts.gov and (2) send a copy to counsel of record via facsimile and mail.

---

7. Plaintiff has offered general statements concerning BAS' liability under the deliberate-intention statute:

> So far ... discovery shows that the steel mills in Korea and Thailand present serious safety problems to workers which do not exist in the United States and that it was

the responsibility of BAS to make sure that it knew about safety conditions before its employees ... were assigned to work in those unsafe conditions.

(Pl.'s Mem. in Supp. at 11.) This "showing" is plainly insufficient for actionability under the deliberate-intention statute.