Harold PARKER, III, Plaintiff

v.

COUNTY OF OXFORD,
et al, Defendants

No. CIV.02–136–P–C.

United States District Court,
D. Maine.

Oct. 9, 2002.

Paul F. Macri, William D. Robitzek, Berman & Simmons, P.A., Lewiston, ME, for Plaintiff.

Peter T. Marchesi, Esq., Wheeler & Arey, P.A., Waterville, ME, Michael E. Saucier, Esq., Thompson & Bowie, Portland, ME, Charles W. Hodsdon, II, Bangor, ME, for Defendants.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

GENE CARTER, District Judge.

Now before the Court is Plaintiff's petition to remand this action to the Maine Superior Court. Motion for Remand and Incorporated Memorandum (Pleading No. 2). Defendants have filed briefs in opposition to the Motion to Remand. Defendant Oxford County's Objection to Plaintiff's Motion for Remand with Incorporated Memorandum of Law (Pleading No. 3) and Town of Rumford Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Pleading No. 4).

## FACTS

This action was originally filed in the Maine Superior Court on December 10, 2001; an Amended Complaint was filed on February 27, 2002, and Defendants were served with the Complaint that same day.[1] On March 12, 2002, Defendant County of Oxford's attorney, Peter Marchesi, and Defendant Town of Rumford's attorney, Michael Saucier, each spoke separately with Charles Hodson, the attorney for Defendant Larkin Enterprises. In their conversations, attorneys Marchesi and Saucier expressed their desire to remove the case to federal court. Attorney Hodson indicated to both attorneys that Defendant Larkin Enterprises did not consent to such removal. *See* Affidavit of Peter T. Marchesi, Esq. attached to County of Oxford's Brief (Pleading No. 3) at ¶ 5, and Affidavit of Michael E. Saucier, Esq. attached as Defendant's Exhibit A to Town of Rumford's Brief (Pleading No. 4) at ¶ 6. On June 4, 2002, Defendant Town of Rumford received a copy of a Stipulation of Dismissal signed by Plaintiff's Counsel on May 28, 2002, indicating that Defendant Larkin Enterprises had been dismissed from the case.[2] *See* Saucier Affidavit at ¶ 7. On June 18, 2002, Defendants filed a Notice of Removal with this Court pursuant to 28 U.S.C. § 1446, citing this Court's original jurisdiction, under 28 U.S.C. § 1331, of claims arising under the Constitution of the United States.[3] Plaintiff then filed the instant Motion for Remand.

The question for this Court to determine is whether Defendants are barred by the thirty-day time limit on removal set forth in 28 U.S.C. § 1446(b),[4] given that they received notice of the claim against them on February 27, 2002, and did not file their Notice of Removal until June 18, 2002. This question generates the issue of when the thirty-day time limit began to run and, therefore, when this case became "removable."

## DISCUSSION

■ Under 28 U.S.C. § 1441(b), "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable . . . ." Plaintiff's Complaint, which alleges the violation of his Fourth Amendment rights, is therefore a civil action that, on its face, is removable. However, this does not mean that the case can in fact be removed. It is well-settled

---

1. From the pleadings, it does not appear that Defendants were ever served with the first Complaint.

2. It is not clear from the pleadings when Defendant County of Oxford received notice of the Stipulation of Dismissal; its Notice of Removal states that the action first became removable on or about June 7, 2002. The Court will assume this is when they received notice of Defendant Larkin Enterprises' dismissal from the case.

3. Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." In his Complaint, Plaintiff asserts that Defendants violated his Fourth Amendment rights. *See* Amended Complaint attached to Defendants' Notice of Removal (Pleading No. 1) at ¶¶ 30–32.

4. Section 1446(b) reads:

   The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

law that a case may not be removed to federal court unless all defendants consent to removal. *See, e.g., Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *see also Russell Corp. v. American Home Assur. Co.,* 264 F.3d 1040, 1044 (11th Cir.2001); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326–27 (5th Cir.1970); *Gibson v. Inhabitants of Town of Brunswick,* 899 F.Supp. 720, 721 (D.Me.1995); *Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 21 (D.Mass.1988); *Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1199 (D.R.I.1986). The failure of a defendant to join in a petition for removal has been found fatal to such removal and, has resulted in remand to the state court. *See, e.g., Santa Rosa Medical Center, Inc. v. Converse of Puerto Rico, Inc.,* 706 F.Supp. 111 (D.P.R.1988); *Hess v. Great Atlantic & Pac. Tea Co., Inc.,* 520 F.Supp. 373 (N.D.Ill.1981); *Adams v. Aero Services Intern., Inc.,* 657 F.Supp. 519 (E.D.Va.1987); *Miles v. Kilgore,* 928 F.Supp. 1071 (N.D.Ala.1996).

■ In the context of federal question jurisdiction, therefore, there are two conditions precedent to a case being removed to federal court: (1) existence of a federal question and (2) the consent of all defendants. The Complaint in this case clearly states a federal question; however, initially all Defendants did not consent to removal. Absent such consent the case was not removable to federal court. It did not become removable until the nonconsenting Defendant was dismissed from the case. The second paragraph of § 1446(b) reads:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is *or has become* removable.

(Emphasis added).

■ The words "other paper" in the above-quoted provision have been broadly interpreted by courts and has allowed for a wide array of documents to serve as a trigger commencing a new thirty-day period for previously unremovable cases that become removable. See 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure: Jurisdiction 3d § 3732 (1998). "Other paper" that has signified the newfound removability of a case and initiated the thirty-day period includes letters from opposing counsel, correspondence between parties, affidavits, proposed jury instructions, answers to interrogatories, motions for summary judgment, and documents produced in discovery. *See, e.g., Miller v. BAS Tech. Employment Placement Co.,* 130 F.Supp.2d 777 (D.W.Va.2001) (first defendant's motion for summary judgment was "other paper," the filing of which provided notice to second defendant that the action was removable under diversity jurisdiction on basis that nondiverse defendant was fraudulently joined); *Hines v. AC & S, Inc.,* 128 F.Supp.2d 1003 (N.D.Tex.2001) (noting that "other paper" can include answers to interrogatories, responses to requests for admissions, deposition testimony, and documents produced in discovery); *Polk v. Sentry Ins.,* 129 F.Supp.2d 975 (D.Miss.2000) (letter between attorneys confirming that plaintiff's dismissal of nondiverse defendants was voluntary is "other paper" sufficient to trigger time to remove).

■ In *Hessler v. Armstrong World Indus., Inc.,* 684 F.Supp. 393 (D.Del.1988), the court found that the thirty-day period began to run when the defendants received notice, by letters from opposing counsel and by statements made in state court,

that the nondiverse defendants had settled with the plaintiffs. These letters signified to counsel that the once nonremovable case had now become removable.[5] Similarly, the receipt by Defendants in the instant case of a copy of the signed transmittal letter enclosing a Stipulation of Dismissal of nonconsenting Defendant Larkin Enterprises, Saucier Affidavit at ¶ 7, was an "other paper" indicating to Defendants that their case was now removable.[6]

Pursuant to § 1446(b), it is when defendants receive some "other paper from which it may first be ascertained that the case is one which . . . has become removable" that the thirty-day period begins to run. 28 U.S.C. § 1446(b). According to Black's Law Dictionary, the word "ascertain" means "to render certain or definite . . . to clear of doubt or obscurity . . . to find out by investigation." BLACK'S LAW DICTIONARY 114 (6th ed.1990). Defendants first "ascertained" that this case was fully removable when they received the "other paper"—the Stipulation of Dismissal—by which they learned that the nonconsenting Defendant was no longer a party to the case.

The Court rejects the suggestion by Plaintiff that notwithstanding the two-fold requirements for removal, Defendants had an obligation to submit its Notice of Removal as soon as they learned Plaintiff was alleging a federal cause of action, regardless of the fact that they knew they could not then garner unanimous consent among all Defendants for removal. The Court finds that Defendants acted as procedural and jurisdictional rules required: they made inquiry of all Defendants well within the time limit to determine their willingness to agree to removal; when they learned that one Defendant was not willing, they did not waste this Court's time by filing a Notice of Removal that they knew to be defective. Then, once the barrier to removal was lifted, Defendants promptly filed their Notice of Removal with the Court, *see* Notice of Removal (Pleading No. 1), along with affidavits attesting to their timely inquiries into the feasibility of removal. *See* Marchesi Affidavit at ¶¶ 4, 5, and Saucier Affidavit at ¶ 6. Defendants can hardly be faulted for endeavoring to comply with procedural requirements and, upon learning that they could not meet these requirements, refraining from filing what they knew to be a frivolous motion with this Court. Only when they knew they could fulfill all prerequisites to removal did they file their

---

**5.** *See also Broderick v. Dellasandro,* 859 F.Supp. 176 (E.D.Pa.1994) (attorney's letter advising of client's changed residence that created diversity jurisdiction was "other paper" such that it triggered thirty-day time period for removal under removal statute).

**6.** This Court finds the voluntary dismissal by Plaintiff of a nonconsenting Defendant to be analogous to the situation where a plaintiff voluntarily dismisses a nondiverse defendant, thereby rendering the action removable. "A change in the parties to the state action, such as the plaintiff's voluntary dismissal of those defendants whose presence in the action destroyed complete diversity of citizenship, may make a previously unremovable action removable." Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 3d

§ 3732 (1998). It is undisputed that this latter situation creates removability where there was none before. *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (citing 28 U.S.C. § 1446(b))(where case not originally removable, defendant who receives a pleading or other paper indicating dismissal of a nondiverse party may remove the case to federal court within 30 days of receiving such information). A nonconsenting defendant creates a barrier to removability just as does a nondiverse defendant. Although the former is a procedural barrier and the latter is a jurisdictional barrier, for purposes of determining when a case becomes removable, the Court sees no reason to distinguish between them.

Notice of Removal with the Court. Their Notice of Removal was filed within thirty days of their discovery of Larkin's dismissal, the event that made the case fully removable.[7] It was timely filed.[8]

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Remand is hereby **DENIED**. The Court, having determined that this case has been appropriately removed, hereby **DENIES** Plaintiff's request for attorney's fees.

So **ORDERED**.

---

7.  As the court in *Jernigan v. Ashland Oil Inc.* asserted, the thirty days are not measured from the date of the initial service of the defendants: " § 1446(b) expressly grants an additional thirty days from the time that a defendant *discovers* that the case *has become* or always has been removable" 989 F.2d 812, 815 (5th Cir.1993) (emphasis added).

8.  The Court notes as well that removal in this instance does not thwart what has been held to be the dual purpose of § 1446(b)'s thirty-day time limit. The court in *Gorman* said the following about the rationale of this time limit:

> On the one hand it forecloses a defendant from adopting a "wait and see" approach in the state court; specifically, it prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking .... On the second hand, the statutory requirement minimizes the delay and waste of

resources involved in starting a case over in federal court after substantial proceedings have taken place in the state court.

629 F.Supp. at 1199 (*citing Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir.1982)). Defendants refrained from filing their Notice of Removal simply because they knew they were procedurally barred from doing so. It was not an attempt to get "a second bite at the jurisdictional apple." Furthermore, removal in this instance does not result in any waste of resources by starting a case over in federal court after substantial work has been done in state court. Little work has been expended on this case in the state court. As of this date, no action has been taken on the state court docket. If anything, Defendants have advanced judicial economy, by not filing what they knew to be a fruitless petition and diligently adhering to procedural rules.